[No. A045790. First Dist., Div. Three. June 9, 1989.]

PAMELA JO POWELL, Petitioner, v.
THE SUPERIOR COURT OF LAKE COUNTY, Respondent;
REDBUD COMMUNITY HOSPITAL et al., Real Parties in Interest.

COUNSEL

Wilcoxen, Callahan, Montgomery & Harbison and Joseph F. Harbison III for Petitioner.

No appearance for Respondent.

Anchor & Miller, Christopher R. Miller and Lauren E. Tate for Real Parties in Interest.

OPINION

WHITE, P. J.—The Civil Discovery Act of 1986, Code of Civil Procedure section 2016 et seq. (Stats. 1986, ch. 1334, § 2 and ch. 1336, § 2) rewrote the statutes governing pretrial disclosure of expert witnesses. We consider a portion of the new statute. Under former law (Code Civ. Proc., §§ 2037-2037.9; Stats. 1978, ch. 1069, § 1, p. 3285, amended by Stats. 1980, ch. 552, § 1, p. 1535; Stats. 1982, ch. 1400, §§ 1-5, pp. 5336-5338), a party who had not designated the same expert had no right to call an expert designated by another party. The new law, Code of Civil Procedure section 2034, added a provision designed to solve this perceived problem. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (Rutter 1989) § 8:1723, p. 8J-22, rev. #2, 1987.) We address here a trial court ruling which failed to apply this solution. We conclude that the court erred in barring petitioner from calling an expert disclosed by real parties in interest.

Code of Civil Procedure section 2034 provides for a mutual and simultaneous exchange by all parties of a list of those witnesses expected to give

testimony in the form of expert opinion. The section sets forth procedures for exchanging information about the experts and their expected testimony, procedures for deposing the listed experts, procedures for augmenting the lists or submitting tardy information, and procedures for sanctioning parties who do not properly disclose their experts.

Following these procedures, real parties in interest disclosed two witnesses, including Dr. Maurice P. Carlin, who had performed a defense medical examination of petitioner Pamela Jo Powell. Petitioner disclosed some nine expert witnesses and stated that she would also subpoena and call Dr. Carlin, but she did not formally disclose him as an expert witness. She then deposed Dr. Carlin under the procedures set forth in Code of Civil Procedure section 2034, subdivision (i).

Real parties in interest moved for a protective order to prevent petitioner from calling Dr. Carlin as a witness. They argued that petitioner had not properly listed him as her expert and that it would seriously inconvenience Dr. Carlin to require him to make two appearances at trial. Petitioner opposed the motion, claiming a right to subpoena Dr. Carlin as a percipient witness because of his examination of petitioner. After hearing, the court granted the protective order ruling that, because of failure to comply with the disclosure requirements of Code of Civil Procedure section 2034, petitioner was barred from presenting Dr. Carlin's expert opinion. This petition followed. It meets the standards set by *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 169 [84 Cal.Rptr. 718, 465 P.2d 854], for pretrial review of a discovery ruling.

■ In her arguments to this court, petitioner continues to assert a right to call Dr. Carlin and to solicit his expert opinion as a percipient witness because he examined petitioner for the defense. However, we do not consider her argument, because we find a different and more persuasive reason for vacating the trial court's ruling. We read Code of Civil Procedure section 2034, subdivision (m)(1), to permit petitioner to call Dr. Carlin for his expert opinion.

Code of Civil Procedure section 2034, subdivision (m)(1) (hereafter subdivision (m)(1)), provides: "A party may call as a witness at trial an expert not previously designated by that party if: (1) that expert has been designated by another party and has thereafter been deposed under subdivision (i)." On its face, this subdivision authorizes petitioner to call Dr. Carlin as an expert witness.

We asked real parties in interest to comment upon the impact of subdivision (m)(1) upon this case. They answer that it applies only when the party

who properly designates an expert witness does not call that expert witness to testify at trial. As authority they cite the treatise by Weil and Brown, *supra,* section 8:1723, page 8J-22, where the authors suggest that subdivision (m)(1) was a response to *Gallo v. Peninsula Hospital* (1985) 164 Cal.App.3d 899 [211 Cal.Rptr. 27].

In *Gallo,* two defendants had arranged to use the same expert witness, who was disclosed by only one defendant. The other defendant stated only that it reserved the right to call experts identified by all parties. This sharing arrangement was not revealed to the plaintiff, who did not depose the expert. The disclosing defendant settled with plaintiff. Over plaintiff's objection, the remaining defendant was allowed to call the expert. *Gallo* held that the court erred in permitting the testimony.

The court first found that a "reservation of rights" to call the other party's witnesses did not satisfy the disclosure requirement because it did not identify the specific expert or reveal the general substance of the expected testimony. (*Gallo* v. *Peninsula Hospital, supra,* 164 Cal.App.3d at pp. 903-904). "A codefendant may disclose the expert witness to testify about design defects, while the defendant, who asserts a reservation of rights, desires to use that witness for his expertise in accident reconstruction. In this instance, opposing counsel may not be prepared to counter the testimony of such an undisclosed legal theory. This could create a trap for the unwary. Cautious attorneys would demand to take the deposition of every expert listed by all parties even if a party settles or is dismissed. This would increase the already high costs of litigation, raise legal malpractice insurance rates, and would encourage waste." (*Id.,* at p. 904.)

In *Gallo,* the disclosing defendant had promised plaintiff to produce the expert for deposition before trial. The *Gallo* court concluded that, in fairness, the remaining defendant should have been held to the same agreement before presenting the expert at trial. (*Gallo* v. *Peninsula Hospital, supra,* 164 Cal.App.3d at p. 904.)

Weil and Brown analyze the interplay between *Gallo* and subdivision (m)(1) as follows: "This problem may arise where coparties each retain *separate* experts, or one retains experts and the other does not. (Sometimes, coparties hire separate experts to defray costs or because the expert testimony is of more concern to one party than another.) [¶] Under former law, one party generally had no right to call experts designated by another party. (*Gallo v. Peninsula Hospital* (1985) 164 CA3d 899, 211 CR 27) [¶] But this created problems where coparties were relying on each other to produce expert testimony . . . particularly where the party having the experts settled out before trial! [¶] CCP § 2034(m) solves the problem by allowing any

party to utilize experts designated by any other party . . . *provided* the expert's *deposition* was taken *after* the exchange of expert witness information. [¶] The deposition requirement protects against whatever surprise or advantage may be encountered where a *different* party offers that expert's testimony at trial." (Weil & Brown, *supra,* § 8:1723, p. 8J-22, italics in original.)

We do not doubt that subdivision (m)(1) was inspired by the *Gallo* ruling. But it is not limited to the *Gallo* circumstance. The subdivision states broadly that "[a] party may call as a witness at trial an expert not previously designated by that party if: (1) that expert has been designated by another party and has thereafter been deposed under subdivision (i)." It does not restrict its permission to experts not called by the disclosing party or to situations where coparties agree to share an expert and the disclosing coparty leaves the case. Real parties ask us to legislate a restrictive amendment to the plain wording of subdivision (m)(1). This we will not do. If the Legislature desires such a restriction in subdivision (m)(1), it may easily alter the subdivision.

We conclude that the court here erred in issuing its order barring petitioner from presenting Dr. Carlin for his expert opinion. We issue a peremptory writ of mandate in the first instance (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893]).

Let a peremptory writ of mandate issue directing the Lake County Superior Court to vacate its protective order insofar as it bars petitioner from presenting Dr. Carlin as an expert witness.

Barry-Deal, J., and Strankman, J., concurred.

A petition for a rehearing was denied June 29, 1989, and the petition of real parties in interest for review by the Supreme Court was denied July 21, 1989.